IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILESTONE STAFFING, INC., | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | No.: |
| | : | |
| v. | : | |
| | | *ELECTRONICALLY FILED* |
| SHENANDOAH HEIGHTS HEALTHCARE, LLC d/b/a RIDGEVIEW HEALTHCARE AND REHAB CENTER; ELM MANAGEMENT, LLC; and KALMAN YURMAN | | |
| Defendants. | | |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, MileStone Staffing, Inc., by and through its counsel, Burke Cromer Cremonese, LLC, and John B. Cromer, Esquire, and files this Complaint in Civil Action and in support thereof, avers as follows:

## The Parties

1. The Plaintiff, MileStone Staffing, Inc. ("MSS"), is a corporation incorporated in Delaware with a principal place of business located at 275 W Campbell Road, Suite 300, Richardson, Texas 75080.

2. Upon information and belief, Defendant, Shenandoah Heights Healthcare, LLC d/b/a Ridgeview Healthcare and Rehab Center ("Ridgeview"), is a Pennsylvania limited liability company with a principal place of business located at 200 Pennsylvania Avenue, Shenandoah, Pennsylvania 17976.

3. Upon information and belief, Defendant, ELM Management, LLC ("ELM"), is a New York limited liability company with a principal place of business located at 1800 Rockaway

Avenue, Suite 210, Hewlett, New York 11557. ELM is or was, at all times relevant hereto, an authorized agent of Ridgeview and involved the operations of Ridgeview.

4.     Kalman Yurman ("Yurman") is an adult individual and a citizen of the State of New York. Yurman is or was, at all times relevant hereto, an authorized agent of Ridgeview and/or ELM and involved in the operations of Ridgeview and/or ELM.

## Jurisdiction and Venue

5.     This Court has proper subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy is in excess of $75,000.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and/or omissions giving rise to the claims herein occurred in Shenandoah, Schuylkill County, Pennsylvania.

## Factual Background

7.     On or around February 23, 2021, MSS and Ridgeview entered into a Supplemental Staffing Services Agreement, wherein MSS agreed to provide medical staffing for Ridgeview's facility in exchange for the agreed upon fees ("Agreement").[1]

8.     Starting on March 5, 2021, MSS began staffing the Ridgeview facility with medical staff per the terms of the Agreement.

9.     Pursuant to the Agreement, MSS sent invoices to Ridgeview weekly for the staffing fees incurred during that period.

---

[1] The Agreement contains a confidentiality provision which MSS has construed as preventing it from attaching the same to this pleading. Defendant Ridgeview is in possession of a copy of the Agreement.

2

10. At no point during the course of the Agreement did Ridgeview decline MSS's staffing services, nor did it indicate that such services were not being provided as called for in the Agreement.

11. In fact, Ridgeview accepted MSS's medical staffing and used the same to conduct business at its facility through and including July 26, 2021.[2]

12. Despite accepting MSS's services and receiving weekly invoices, Ridgeview has failed to pay any amounts owed to MSS.

13. MSS made numerous attempts to obtain payment from Ridgeview to no avail.

14. In or around early July 2021, MSS began communicating directly with Defendants Yurman and/or ELM regarding payment of the outstanding amounts owed to MSS.

15. On at least one occasion, on or around July 12, 2021, Yurman and ELM, on behalf of themselves and/or Ridgeview, made a promise to MSS to pay the outstanding amounts owed to MSS.

16. In reliance on Yurman and/or ELM's promise to pay, MSS continued providing medical staffing services to Ridgeview under the Agreement.

17. Despite their promise, and despite MSS's continued performance based thereon, Yurman, ELM, nor Ridgeview has never made payment to MSS for the outstanding amounts it promised to pay.

18. Under the terms of the Agreement, payment on each invoice was due thirty (30) days after the date of the invoice.

---

[2] Although the Agreement was for the initial term of one (1) year, Ridgeview chose to end MSS's staffing services as of July 26, 2021.

19. For any invoice not paid within thirty (30) days, the Agreement calls for a late fee of five percent (5%) of the unpaid balance, as well as interest at a rate of one-and-one-half percent (1.5%) per month on all unpaid and past due invoices.

20. From March through July 2021, MSS invoiced Ridgeview for its staffing services, which totaled $944,997.77, as of July 30, 2021, the date of the last weekly invoice.

21. Following continued non-payment, MSS sent Ridgeview a statement dated August 22, 2021, which detailed the total outstanding amount owed to MSS of $1,025,944.64,[3] which included:

    a. $944,997.77 in staffing fees;

    b. $45,366.17 in late fees under the Agreement; and

    c. $35,580.70 in interest under the Agreement.

## COUNT I

### Breach of Contract
### MileStone Staffing, Inc. v. Shenandoah Heights Healthcare, LLC d/b/a Ridgeview Healthcare and Rehab Center

22. MSS hereby incorporates by reference all other Paragraphs of this Complaint as if the same were set forth herein more fully and at length.

23. Pursuant to the Agreement, MSS provided medical staffing to Ridgeview from March 5 through July 26, 2021.

24. Ridgeview accepted MSS's services and never communicated to MSS that such services were inadequate or improper.

25. MSS sent weekly invoices to Ridgeview for the outstanding amounts owed, which Ridgeview has refused to pay to date.

---

[3] A true and correct copy of the August 22, 2021, Consolidated Statement is attached hereto as Exhibit 1, and incorporated herein.

4

26. Ridgeview's failure to pay for MSS's services constitutes a breach of the Agreement.

27. As a result of Ridgeview's breach of the Agreement, MSS has suffered damages in the amount of $1,025,944.64, plus attorneys' fees, continued interest, and continued late fees.

WHEREFORE, the Plaintiff, MileStone Staffing, Inc., demands judgment in its favor and against Defendant, Shenandoah Heights Healthcare, LLC d/b/a Ridgeview Healthcare and Rehab Center, in the amount in excess of $1,025,944.64, along with any and all other relief this Honorable Court deems appropriate.

## COUNT II

### Account Stated
### MileStone Staffing, Inc. v. Shenandoah Heights Healthcare, LLC d/b/a Ridgeview Healthcare and Rehab Center

28. MSS hereby incorporates by reference all other Paragraphs of this Complaint as if the same were set forth herein more fully and at length.

29. As described herein, MSS provided medical staffing services to Ridgeview from March 5 through July 26, 2021.

30. Throughout the course of providing these services, MSS sent weekly invoices to Ridgeview for the amounts owed on the account, totaling $944,997.77.

31. Ridgeview accepted the services, accepted the weekly invoices, and did not communicate to MSS any dispute regarding the amounts owed on the weekly invoices.

32. To the contrary, in July 2021, MSS was promised, by Ridgeview's authorized agents ELM and/or Yurman, that payment would be made on the account.

33. Despite Ridgeview's acceptance of the services and the amounts owed, it has failed and refused to pay those amounts.

34. As a result of Ridgeview's breach of the Agreement, MSS has suffered damages in the amount of $1,025,944.64, plus attorneys' fees, continued interest, and continued late fees.

WHEREFORE, the Plaintiff, MileStone Staffing, Inc., demands judgment in its favor and against Defendant, Shenandoah Heights Healthcare, LLC d/b/a Ridgeview Healthcare and Rehab Center, in the amount in excess of $1,025,944.64, along with any and all other relief this Honorable Court deems appropriate.

## COUNT III

### Unjust Enrichment
### MileStone Staffing, Inc. v. Shenandoah Heights Healthcare, LLC d/b/a Ridgeview Healthcare and Rehab Center

35. MSS hereby incorporates by reference all other Paragraphs of this Complaint as if the same were set forth herein more fully and at length.

36. Alternatively, if this Honorable Court determines that the Agreement is unenforceable as between MSS and Ridgeview, then Ridgeview has been unjustly enriched through its use of MSS services.

37. As described hereinabove, MSS provided medical staffing services to Ridgeview from March 5 through July 26, 2021, and Ridgeview accepted the same without reservation.

38. Ridgeview received the benefit of MSS's services, totaling $944,997.77, but has refused to pay for the same.

39. It would be inequitable for Ridgeview to have received this benefit without making payment to MSS.

WHEREFORE, the Plaintiff, MileStone Staffing, Inc., demands judgment in its favor and against Defendant, Shenandoah Heights Healthcare, LLC d/b/a Ridgeview Healthcare and Rehab

Center, in the amount in excess of $944,997.77, plus interest and any and all other relief this Honorable Court deems appropriate.

## COUNT IV

### Misrepresentation/Fraudulent Inducement
### MileStone Staffing, Inc. v. ELM Management, LLC, and Kalman Yurman

40. MSS hereby incorporates by reference all other Paragraphs of this Complaint as if the same were set forth herein more fully and at length.

41. In or around early July 2021, due to non-payment for its services and its weekly invoices, MSS began communicating directly with Yurman and ELM regarding payment of the outstanding amounts which Ridgeview owed to MSS.

42. On at least one occasion, on or around July 12, 2021, Yurman and/or ELM, who presented themselves as authorized agents for ELM and/or Ridgeview, and/or Yurman on behalf of himself, represented to MSS that payment would be made of the outstanding amounts owed to MSS.

43. Upon information and belief, Yurman and/or ELM had no intention of making payment to MSS, but rather, made such a representation to intentionally induce MSS to continue providing staffing services to Ridgeview.

44. In reliance on Yurman and/or ELM's promise to pay, MSS indeed continued providing medical staffing services to Ridgeview under the Agreement.

45. Despite the promise to pay, and despite MSS's continued performance based thereon, Yurman and/or ELM have not honored the promise to pay MSS for the outstanding amounts.

46. The conduct of inducing continued performance by MSS with no intention of making good on the promise to pay was intentional, willful, malicious, and/or outrageous.

47.     As a result of MSS's justifiable reliance on Yurman and/or ELM's promise to pay, MSS has suffered damages in the amount of in excess of $1,025,944.64.

WHEREFORE, the Plaintiff, MileStone Staffing, Inc., demands judgment in its favor and against Defendants, ELM Management, LLC, and Kalman Yurman, in the amount of in excess of $1,025,944.64, plus an amount for punitive damages, along with any and all other relief this Honorable Court deems appropriate.

## COUNT V

### Promissory Estoppel
### MileStone Staffing, Inc. v. ELM Management, LLC, and Kalman Yurman

48.     MSS hereby incorporates by reference all other Paragraphs of this Complaint as if the same were set forth herein more fully and at length.

49.     As described hereinabove, MSS provided medical staffing services to Ridgeview from March 5 through July 26, 2021, and Ridgeview accepted the same without reservation.

50.     After MSS made numerous attempts to obtain payment from Ridgeview, MSS began communicating directly with Yurman and ELM regarding payment of the outstanding amounts which Ridgeview owed to MSS.

51.     On or around July 12, 2021, Yurman and/or ELM, as authorized agents of ELM and/or Ridgeview, and/or Yurman, on behalf of himself, promised payment of the outstanding amounts which owed to MSS.

52.     In reliance on this promise to pay, MSS continued providing medical staffing services to Ridgeview under the Agreement.

53.     Neither Yurman nor ELM have ever made payment to MSS for the outstanding amounts it promised to pay.

54. As a result of Yurman and/or ELM's failure to pay as promised, MSS has suffered damages in excess of the amount of $1,025,944.64.

WHEREFORE, the Plaintiff, MileStone Staffing, Inc., demands judgment in its favor and against Defendants, ELM Management, LLC, and Kalman Yurman, in an amount in excess of $1,025,944.64, along with any and all other relief this Honorable Court deems appropriate.

Date: October 8, 2021     By:     */s/ John B. Cromer*
John B. Cromer, Esquire
Pa. ID 66773
BURKE CROMER CREMONESE, LLC
517 Court Place
Pittsburgh, PA  15219
Phone:  (412) 904-3360
Fax:  (412) 904-3799
Email:  jcromer@bccattorneys.com
*Counsel for Plaintiff,*
*MileStone Staffing, Inc.*