THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILESTONE STAFFING, INC., | : |
| | : |
| Plaintiff, | : |
| | : 3:21-CV-1728 |
| v. | : (JUDGE MARIANI) |
| | : |
| SHENANDOAH HEIGHTS | : |
| HEALTHCARE, LLC d/b/a RIDGEVIEW | : |
| HEALTHCARE & REHAB CENTER, *et al.*, | : |
| | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Currently pending before the Court is Plaintiff Milestone Staffing, Inc.'s Motion for Leave to File an Amended Complaint (Doc. 14). Plaintiff's motion seeks to add one additional claim – "Constructive Trust" (Count VI) – to its prior 5-count Complaint. Defendants Shenandoah Heights Healthcare, LLC d/b/a Ridgeview Healthcare & Rehab Center, Elm Management, LLC, and Kalman Yurman filed a brief in opposition (Doc. 21) and Plaintiff filed a Reply brief (Doc. 22). The matter having been fully briefed, it is now ripe for resolution. For the reasons that follow, the Court will grant Plaintiff's Motion.

### II. STANDARD OF REVIEW

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has described this rule as follows:

> [Rule 15(a)'s] mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citations omitted); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

### III. ANALYSIS

Plaintiff filed the above-captioned action in October of 2021, asserting claims of Breach of Contract (Count I), "Account Stated" (Count II), Unjust Enrichment (Count III), Misrepresentation/Fraudulent Inducement (Count IV), and Promissory Estoppel (Count V). (Doc. 1). Plaintiff filed a motion to amend on May 10, 2022, seeking to add a claim for "Constructive Trust" (Count VI) against Shenandoah Heights Healthcare LLC d/b/a Ridgeview Healthcare and Rehab Center.

In support of its motion, Plaintiff asserts that "[t]he constructive trust, such as the one Plaintiffs are requesting, is a flexible and adaptable remedy in equity that this Court may establish to prevent unjust enrichment." (Doc. 17, at 3)(citing *Buchanan v. Brentwood Fed. Savings & Loan Assoc.*, 320 A.2d 117, 126-127 (Pa. 1974)). Plaintiff further argues that "[s]ince the 'underlying facts or circumstance relied upon' by Plaintiff suggests the imposition of a constructive trust would be an appropriate and equitable remedy in this case,

the Plaintiff 'ought to be afforded an opportunity to test his claim on the merits." (Doc. 17, at 4) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants set forth two arguments in opposition to Plaintiff's motion. Defendants first argue that the motion to amend should be denied "where no cause of action exists for a claim of 'Constructive Trust'". (Doc. 21, at 2). Defendants further argue that the motion should be denied pending a determination of Defendants' pending partial motion to dismiss (Doc. 8). (Doc. 21, at 3). Defendants' cursory arguments are without merit.

Defendants argue, and Plaintiff admits, that a constructive trust is a remedy and not a cause of action. (Doc. 21, at 2-3; Doc. 22, at 3; *see also*, Doc. 17, at 3). *See Serafini v. Mariani*, 2010 WL 1342926, *3 n. 12 (M.D. Pa. 2010) (dismissing Count for "constructive trust" on summary judgment where "[u]nder Pennsylvania law, a constructive trust is one created by equity to prevent unjust enrichment or to redress a wrong. . . . It is a remedy, not a separate cause of action.") (internal citations and quotation marks omitted). Plaintiff, however, requests that the Count labeled "Constructive Trust" be construed "as one for unjust enrichment in which the requested remedy was the imposition of a constructive trust." (Doc. 22, at 3).

"To plead unjust enrichment, a plaintiff must allege that: (1) the plaintiff conferred benefits upon the defendant; (2) the defendant appreciated and accepted such benefits; and (3) it would be inequitable for the defendant to retain the benefit without payment of the value." *Alpart v. Gen. Land Partners, Inc.*, 574 F.Supp.2d 491, 507 (E.D. Pa. 2008)

(citing *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616, 622 (Pa. Super. 1999)). Although sparse, at this juncture in the proceedings, Count VI of Plaintiff's proposed Amended Complaint contains sufficient well-pleaded factual allegations to set forth a claim of unjust enrichment. The Amended Complaint alleges that Plaintiff "provided medical staffing services to Ridgeview" during the relevant time period, that Ridgeview received the benefit of Plaintiff's services, "totaling $944,997.77, but has refused to pay for the same", and that while these amounts were owed to Plaintiff, Ridgeview "received payments of federal funds totaling at least $346,724.48 under [American Rescue Plan Act] and also money from the [Paycheck Protection Program]." (Doc. 14-1, ¶¶ 60-62). Although undeniably a legal conclusion, in accordance with the elements of an unfair enrichment claim, Plaintiff has further plead that "[i]t would be inequitable for Ridgeview to have received the benefit of MSS services without making payment to MSS." (*Id.* at ¶ 63). Thus, construing Count VI of Plaintiff's proposed Amended Complaint as a claim for unjust enrichment with the remedy requested being the imposition of a constructive trust, the Court will reject Defendants' argument that the Court should deny Plaintiff's Motion to Amend because a constructive trust is not a cause of action. *See e.g., Kaiser v. Stewart*, 1997 WL 476455, *19-20 (E.D. Pa. 1997) (acknowledging that a constructive trust is a remedy, not a separate cause of action, but interpreting a count seeking to impose a constructive trust as a cause of action for unjust enrichment).

Defendants' second argument, asserting that the Court should first rule on Defendants' pending Motion to Dismiss prior to deciding the Motion to Amend the Complaint "in order to afford this Court time to assess the legal sufficiency of Counts II through V of Plaintiff's Complaint, and also to spare the parties time and costs" (Doc. 21, at 3) lacks any persuasive force.  The Court is in a better position to rule on a motion to dismiss where the defendants' motion addresses the counts set forth in the entirety of a complaint rather than engaging in a piece-meal analysis of counts set forth in a Complaint and subsequent Amended Complaint which does nothing more than add one additional count.  Further, the "time and costs" which the parties must expend on the filing of a new motion to dismiss and response thereto is minimal where the large majority of Defendants' motion, and Plaintiff's response thereto, will remain the same.  Had Defendants been truly concerned about "spar[ing] the parties time and costs", they would have been better-advised to concur in Plaintiff's motion to amend and to then file one, all-encompassing, motion to dismiss.

For the afore-discussed reasons, the Court finds that Rule 15(a)'s mandate that leave to amend should be "freely given" in the absence of undue delay, bad faith, and futility, weighs heavily in favor of granting Plaintiff's motion to amend.  Additionally, Defendants will not be prejudiced as this case is still at a relatively early stage of litigation

and the factual allegations in the Amended Complaint remain the same as in the original Complaint with the exception of the addition of one claim.[1]

## IV. CONCLUSION

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 14) will be granted. However, as noted, the parties should not interpret this Court's grant of Plaintiff's motion as precluding Defendants from filing a motion to dismiss as to any Counts they deem appropriate, including Count VI.

A separate Order follows.

Robert D. Mariani
United States District Judge

---

[1] With respect to the possible futility of Count VI, the Court is not in a position to evaluate this consideration at this time. The Court notes that "[a] plaintiff cannot recover for unjust enrichment when an express contract governs the relationship between the parties," *Alpart*, 574 F.Supp.2d at 507. In their brief in support of the motion to dismiss the original complaint, Defendants argued that Plaintiff's unjust enrichment claim (Count III) set forth in the Complaint (Doc. 1) must be dismissed because the claim is based on a relationship governed by an express agreement and is barred by the gist of the action doctrine. (Doc. 9, at 6-7). Here, with respect to Plaintiff's motion to amend, no party has raised the issue of whether Count VI, when construed as a claim for unjust enrichment, is nonetheless subject to dismissal. The parties should not interpret this Court's current memorandum opinion granting Plaintiff's Motion to Amend as an adjudication as to whether Count VI could survive a motion to dismiss on grounds other than its misleading title, to wit, "Constructive Trust".

6